

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID PIO and TY STEPHENS, )
individually and on behalf of all others )
similarly situated, )
)
      Plaintiffs, )
)
vs. ) No. 06 C 2140
)
GENERAL NUTRITION )
COMPANIES, INC., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed class action claims against defendant in state court. Defendant later removed the case to this district court, invoking jurisdiction under 28 U.S.C. §§ 1334 and 1452(a), claiming relatedness to the bankruptcy proceeding of a manufacturer of nutritional supplements. Defendant then moved to transfer to the Southern District of New York, and plaintiffs moved to remand back to state court. On October 31, 2006, plaintiffs' motion to remand was granted, and defendant's motion to transfer was denied as moot.[1] On November 10, 2006, defendant filed a motion for reconsideration, which was presented to this court on November 14, 2006. In that motion, defendant argues that since October 31, 2006, the "balance of equities" has shifted and transfer, rather than remand, is the appropriate course of action. For the following reasons, defendant's motion to reconsider is denied.

We must first ascertain whether we have jurisdiction to entertain this motion. The order to remand was signed on October 31, 2006, and a certified copy was mailed to the state

---

[1] Pio v. General Nutrition Cos., No. 06 C 2140, 2006 WL 3147721 (N.D. Ill. Oct. 31, 2006).

court on November 1, 2006. Generally, when an order of remand is entered and a certified copy is mailed to the state court, the district court is divested of any further jurisdiction. Eby v. Allied Products Corp., 562 F. Supp. 528, 531 (S.D. Ind. 1983)(collecting cases).

Defendant argues that this court has jurisdiction to reconsider the order. First, it argues that 28 U.S.C. §§ 1447(d) and 1452(b) do not operate to preclude reconsideration, both because § 1447(d) does not apply and § 1452(b) does not prohibit reconsideration by a district court. Second, defendant argues that the above-cited "mailing rule"[2] is limited and only applies to nondiscretionary remands pursuant to § 1447(d). We deal first with defendant's "mailing rule" argument.

## Mailing Rule

Defendant argues that the mailing rule applies only to cases remanded under § 1447(c), and that since there are no cases applying that rule to remands under § 1452(b), the mailing of the certified copy does not divest this court of jurisdiction. We disagree for the reasons cited below in the next section regarding the need to read §1452(b) in conjunction with §1447.

Defendant next argues that even if the mailing rule does apply, it was error for the court to send out the certified copy of the order prior to the 10-day period for filing of appeals under Fed.R.Civ.P. 59, or the 14-day period under Local Bankruptcy Rule 9027-1.[3] The first part of this argument, that we should have waited until the expiration of the 10-day period for filing of appeals, turns on whether the order itself is appealable – a notion we reject below.

---

[2] The mailing rule states that "[a] certified copy of the order of remand shall be mailed to the clerk of the State court." 28 U.S.C. § 1447(c).

[3] Defendant also argues that the 14-day delay requirement is embodied in Former General Rule 30(b), which applied to the local district courts. While this is true, the local rules have since been revamped and this rule is now incorporated in Local Rule 81.2 which was withdrawn, making the provision inapplicable.

The second part of this argument turns on whether Local Bankruptcy Rule 9027-1[4] applies to decisions of this court. Defendant argues that the rule does apply to decisions of this court, because Fed. R. Bankr. P. 9027 is generally applicable to cases removed pursuant to § 1452(b).[5] We need not delve into this area, as Local Bankruptcy Rule 1002-1 specifies that the local rules are applicable to the district court when sitting in bankruptcy. It was error on our part to have mailed the certified copy of the remand order prior to the expiration of the 14-day period, and we therefore void its mailing. As a result, we retain jurisdiction to the extent that the motion to reconsider was presented within that 14-day window.

## Section 1452(b) Bars Reconsideration of the Remand Order

This determination hardly matters, however, since we find that the statute bars us from reconsidering an order of remand. The relevant part of 28 U.S.C. § 1452 reads:

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals ... or by the Supreme Court of the United States ... .

Defendant argues that the language of this statute is clear on its face and we should interpret it to mean only that orders are not reviewable by the court of appeals or the Supreme Court, and thus district courts are permitted to reconsider remand orders. However, a plain reading of the statute in light of caselaw interpreting generally when district courts should reconsider remand orders, does not result in the conclusion defendant urges. In J.O. v. Alton Community Unit School Dist. 11, 909 F.2d 267, 273 (7th Cir. 1990), the Seventh Circuit held

---

[4]Local Bankruptcy Rule 9027-1 states that unless otherwise directed in the order, the mailing of a certified copy of a remand order shall be delayed for 14 days following the date of docketing of the order of remand.

that, when an appeals court has jurisdiction to review a remand order, "it would be efficient to allow the district court also to retain jurisdiction to reconsider its order..." The court found that "such a procedure may have salutary benefits by eliminating the necessity for an appeal" thereby making the entire process more efficient. The court specifically declined to decide whether a district court had the power to reconsider remand orders where no appellate jurisdiction exists. However, the vast majority of courts, including courts in this Circuit, have held that statutory bars on appellate review of remand orders apply to bar district court reconsideration of those orders. *See* Valparaiso v. Iron Workers Local Union # 395, 118 F.R.D. 466, 468 (N.D. Ind. 1987)(collecting cases). While these cases deal specifically with reconsideration of remand orders under 28 U.S.C. § 1447(d), we do not find the rationale distinguishable. The purposes of barring reconsideration of remand orders under §1447(d) - judicial efficiency and state comity - are similarly pertinent when considering remands under § 1452(b).

Furthermore, based on a fair reading of the Supreme Court's opinion in Things Remembered v. Petrarca, 516 U.S. 124 (1995) in conjunction with its opinion in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976), as long as our reasons for remand were among those enunciated in §1452(b), our decision to remand is precluded from review. This is further supported by the Seventh Circuit's opinion in In re United States Brass Corp., 110 F.3d 1261 (7th Cir. 1997). There the court held that the "equitable grounds" articulated in § 1452 include any appropriate ground for remand, and the simple fact that the ground is labeled "equitable" does not mean that it is therefore reviewable. The court held that reading "equitable grounds" in the statute as permitting review would make §1452(b)'s bar of review a sieve that it was not intended to be. In light of all this, we find that the plain language in the

statute prevents us from reconsidering the order to remand.

If the plain language of the statute were not enough, a look behind the language, to the history and purpose of the statute, solidifies our holding. Section 1452 was enacted as part of the "Bankruptcy Amendments and Federal Judgeship Act of 1984" 98 Pub. L. 353 (1984). In the original version of the law, part (b) read, in pertinent part: "An order entered under this subsection remanding a claim or cause of action or a decision not to remand, *is not reviewable by appeal or otherwise*" (emphasis added). The italicized language mimicked not only the language of §1447(d), but also of another provision in the bankruptcy code governing permissive abstention, 11 U.S.C. § 305(c).[5] This same language was also inserted by the bill into 28 U.S.C. §1334(c)(2)[6], which governed permissive and mandatory abstention in bankruptcy cases.

Two years prior to the enactment of these amendments, the Supreme Court decided the seminal case of Northern Pipeline Construction v. Marathon Pipe Line Co., 458 U.S. 50 (1982), in which the Court held that the decisions of bankruptcy courts, as Article I courts, were subject to review by Article III courts. In light of this decision, questions were raised by numerous courts as to the validity of the above provisions of the bankruptcy code given that, on their faces, they appeared to confer unreviewable discretion to the decisions of bankruptcy courts to abstain or remand cases back to state court. *See discussion in* In re Axona Int'l

---

[5] Section 305, a statute governing permissive abstention in bankruptcy cases, reads, in pertinent part:
"(c) An order under subsection (a) of this section dismissing a case or suspending all
proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal
or otherwise by the court of appeals ... or by the Supreme Court..."

[6] Section 1334, which governs jurisdiction and mandatory abstention in cases related to bankruptcy, states, in pertinent part:
"(d) Any decision to abstain or not to abstain made under subsection (c), other than a
decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by
appeal or otherwise by the court of appeals ... or by the Supreme Court... ."

Credit & Commerce, Ltd., 115 B.R. 442, 445-46 (S.D.N.Y. 1990). Despite the Supreme Court's ruling in Northern Pipeline, several courts upheld the bankruptcy court's ability to render unreviewable opinions based on the language in these statutes. *Id.* As a result of caselaw describing the constitutional infirmities of these provisions, Congress sought to remedy this split by amending the questionable language in all three of the statutes. *See* 2 ALAN N. RESNICK, ET AL. COLLIER ON BANKRUPTCY 305.05 (15th ed. Rev. 2006). In the Judicial Improvements Act of 1990, 101 P.L. 650 (1990), Congress amended §§ 305(c), 1334(c)(2) and 1452(b) to read "not reviewable by appeal or otherwise *by the court of appeals ... or by the Supreme Court of the United States ...*" (emphasis added). The congressional record accompanying both the House and Senate versions of the bill reveal Congress' purpose for this amendment.[7] Collier on Bankruptcy, similarly concludes that Congress intended this amendment to clarify the bankruptcy court's role as an Article I court in light of Northern Pipeline. *See* 2 ALAN RESNICK ET AL., COLLIER ON BANKRUPTCY ¶ 305.05 n1 (15th ed. rev. 2006)(stating that the amendment remedied any constitutional deficiency in § 305 abstention). Based on this history, we find that there is no evidence that Congress' inclusion of this language in § 1452(b), as well as the other two statutes, was intended to alter the long-held rule that a bar on appealability included a bar on reconsideration. Congress simply tacked on the new language to the then-existing language, creating an unintended ambiguity in the district court's ability to reconsider its orders under these provisions. This ambiguity is resolved by reading and interpreting § 1452(b) in conjunction with § 1447(d), which has been universally

---

[7]*See* 101 CONG. REC. E2501 (extension of remarks by Rep. Kastenmeier)(stating that the amendment would, in part, "clarif[y] the circumstances under which certain bankruptcy court determinations may be appealed"); 101 CONG. REC. S17578-17583 (statement of Sen. Grassley)(giving a section-by-section analysis of the bill, and stating that the proposed amendment would allow review of bankruptcy court decisions by the district courts).

interpreted to bar reconsideration of remand orders. *See* <u>Consolidated Doors, Inc. v. Mid-American Door Co.</u>, 120 F. Supp. 2d 759, 765 (E.D. Wis. 2000)(collecting cases). Both the Supreme Court and the Seventh Circuit have upheld reading these two statutes in conjunction with one another. *See* <u>Things Remembered</u>, 516 U.S. at 497; <u>In re United States Brass Corp.</u>, 110 F.3d at 1266; <u>Hernandez v. Brakegate Ltd.</u>, 942 F.2d 1223, 1225-26 (7th Cir. 1991).[8] Since our remand determination was grounded in the language of the statute (permitting remand on any equitable ground) it does not fall into the class of extra-statutory discretionary remands that permit appeal. *See* <u>In re United States Brass Corp.</u>, 110 F.3d at 1265-66 (discussing appealability, § 1452(b) remands in light of <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706 (1996)). Thus, our reconsideration of the order is also barred.[9]

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration is denied.

*[signature]*
JAMES B. MORAN
Senior Judge, U. S. District Court

March 2, 2007.

---

[8]Defendant argues that we should not look to § 1447(d), or the cases relating to that statute in interpreting § 1452(b), for the reason that the grounds for remand under § 1447 are limited and objective, thereby making it suitable for a bar on reconsideration. In contrast, defendant argues, the grounds for remand under § 1452(b) are highly subjective, and thus interpreting that section as creating a complete bar on reconsideration would be inappropriate. Defendant points us to a related remand statute, 28 U.S.C. § 1367(c), which relates to remand based on supplemental jurisdiction. Defendant argues that courts have found decisions under that provision to be freely reviewable because, unlike § 1447(c), these remands are discretionary and serve no jurisdictionally corrective purpose.

Defendant's argument is flawed. Unlike remands under §1452(b), remands under §1367(c) are freely reviewable because Congress placed no statutory restrictions on their appealability. Nothing in the statute speaks to whether remands under §1367 can be reviewed on appeal or otherwise, and thus this statute cannot be adequately compared with § 1452(b).

[9]The lone case defendant cites in which a court permitted reconsideration of a remand order under §1452(b) is inapposite, as there the court never considered whether it had jurisdiction to reconsider the order. See <u>Tallas v. Gianopoulus</u>, 321 B.R. 23 (E.D.N.Y. 2005).